UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTINA M. GOODWIN,

                Plaintiff,

     -against-

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

                Defendant.
----------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-2775 (JMA)

**FILED**
**CLERK**
8/11/2020 9:41 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

       On June 23, 2020, Christina M. Goodwin ("plaintiff") commenced this action against the Commissioner of Social Security ("defendant"), seeking review of the decision of the Administrative Law Judge pursuant to section 205(g) and/or section 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and/or § 1383(c)(3). Accompanying the complaint is an application to proceed in forma pauperis. (See ECF No. 2.) For the reasons that follow, plaintiff's financial status, as set forth in her application, does not qualify her to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915 (a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is denied and plaintiff is directed to pay the $400.00 filing fee within fourteen (14) days from the date of this Order for this case to proceed.

       To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of

1

Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) ("The ability to proceed [in forma pauperis] is a privilege provided for the benefit of indigent persons.") (internal quotation marks and citation omitted). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. Richards v. Allied Universal Sec., et al., 19-CV-2043, 2019 WL 1748599, *1 (E.D.N.Y. Apr. 18, 2019). The Court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports having received a one-time cash payment from her pension in the sum of $13,000.00 in December 2019. (See ECF No. 2, ¶ 3(c)). In addition, plaintiff reports that her husband's monthly net income is $10,000.00 and that she has $1,200.00 in cash or in a check or savings account. (Id. ¶¶ 3(f), 4.). Plaintiff reports having a house with a $270,000.00 mortgage remaining and a Disney time share with a $13,000.00 mortgage. (Id. ¶ 5.) Plaintiff provides regular monthly expenses for items such as the mortgages on these properties as well as for food, insurance, medical expenses, credit cards, utilities, student loan payments, gas, telephone and television service that total $8,220.00. (Id. ¶ 6.) In addition, plaintiff reports car lease payments for a 2020 Buick Enclave and a 2017 Chevy Suburban that total $1,200.00/month. (Id. ¶¶ 5-6.) Thus, plaintiff's reported monthly expenses total $9,420.00.

Given plaintiff's financial position, as set forth in her application, she has not demonstrated that she cannot afford the filing fee. Accordingly, because plaintiff's application demonstrates that she has sufficient resources to pay the $400.00 filing fee, plaintiff does not qualify for in forma

2

pauperis status. See Wrenn v. Benson, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed in forma pauperis based on review of information contained in the supporting affidavit of indigency which included retirement benefits and real property); see also Brodsky v. J.P. Morgan Chase & Co., 17-CV-5529, 2019 WL 2330857, *3 (E.D.N.Y. May 31, 2019) ("In the Court's experience, litigants who seek and are granted in forma pauperis status do not lease luxury vehicles. . ."); United Parcel Service of America v. The Net, Inc., 470 F. Supp. 2d 190, 194 (E.D.N.Y. 2007) (denying in forma pauperis application where plaintiff owned two properties and had reported monthly income of $10,000.00). Though the Court is sympathetic to plaintiff's situation, plaintiff's application establishes that she can pay the $400.00 filing fee and still provide herself with the necessities of life. Adkins, 335 U.S. at 339. Accordingly, plaintiff's application to proceed in forma pauperis is denied.

Plaintiff is directed to pay the $400.00 filing fee within fourteen (14) days of the date this Order is served upon her or the action will be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: August 11, 2020
       Central Islip, New York

                                              /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE